**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ISRAEL GOMEZ #1547241** | § | |
| | § | |
| **V.** | § | **A-16-CA-1118-SS** |
| | § | |
| **KAREN SAGE and** | § | |
| **ANGELA CHAMBERS** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

<u>STATEMENT OF THE CASE</u>

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex.  He sues Karen Sage, the judge presiding over his criminal case or cases pending in Travis County, Texas.  He accuses the judge of setting an excessive bail, cruel punishment, and bias.  He claims "judgment violated right to due process of law and innocent until proven guilty."  Plaintiff also sues Angela Chambers, the court coordinator for Judge Sage.  He claims she did not update court information which has caused him to be held against his liberty and

in jail without bail.  He requests that his criminal case be dismissed or "move courtrooms."  He also seeks an unspecified amount of monetary damages.

DISCUSSION AND ANALYSIS

    A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

    B.    <u>Judicial Immunity</u>

It is well established that judges enjoy absolute judicial immunity from lawsuits that cannot be overcome by allegations of bad faith or malice.  <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978).  Judicial immunity is clearly applicable in cases, such as the instant one, brought pursuant to 42 U.S.C. § 1983. <u>Sparkman</u>, 435 U.S. at 356; <u>Pierson v. Ray</u>, 386 U.S. 547, 554-55 (1967). The Supreme Court has recognized only two instances in which judicial immunity is inapplicable.  "First a judge is not immune from liability for non-judicial actions, i.e. actions not taken in the judge's

2

judicial capacity. Second, a judge is not immune for actions though judicial in nature, taken in the complete absence of all jurisdictions." Mireles v. Waco, 502 U.S. 9, 11 (1991).

In the case at bar, Plaintiff does not complain of any actions taken by Judge Sage that were nonjudicial in nature nor does he show that she was acting in the clear absence of all jurisdiction. Accordingly, Judge Sage is protected by judicial immunity.

Relatedly, Plaintiff alleges Judge Sage instructed court clerk, Angela Chambers, to not update court information so that Plaintiff could not make bail. Because Plaintiff alleges Chambers was only acting at the express direction of the judge, to assist her in carrying out her judicial functions, Defendant Chambers is likewise entitled to absolute judicial immunity with respect to Plaintiff's claim for monetary damages. See Mitchell v. McBryde, 944 F.2d 229, 230-31 (5th Cir. 1991). A court employee who acts under the explicit instructions of a judge "acts as the arm of the judge and comes within his absolute immunity," even if the employee acts "in bad faith or with malice." See Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980); see also Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001).

C.    Injunctive Relief

In addition to seeking monetary relief, Plaintiff requests that his case be dismissed or "move courtrooms."   While judicial immunity does not bar injunctive relief, Plaintiff's request is nevertheless still barred because a careful review reveals that it is simply an attempt to challenge the validity of his current confinement, and as a result should be brought in a habeas corpus proceeding. Holloway v. Walker, 765 F.2d 517, 525 (5th Cir.1985); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or

a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Because Plaintiff does not allege he has exhausted his state court remedies with respect to his claims for habeas corpus relief, the Court should not construe his complaint in part as a petition for habeas corpus. Rather, Plaintiff's claims seeking habeas corpus relief should be dismissed without prejudice to allow Plaintiff to file a habeas corpus petition after he has exhausted his state court remedies.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's claims for monetary relief be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's claims seeking habeas corpus relief be dismissed without prejudice to refiling a habeas corpus petition after he has exhausted his state court remedies.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of October, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE